James Hightower (pro per Plaintiff)
29142 Hidden Meadow Drive
Menifee, CA 92584
Ph.: 951-490-3355

**FEE PAID**

CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)

| | |
|---|---|
| **James Hightower (pro )**<br><br>Plaintiff,<br><br>vs.<br><br>**Kaiser Foundation Health Plan (KFHP) And Their Associates, Executives, Employees, And Assigns.**<br><br>Defendants. | **Case No.** 5:25-cv-00039-SSS(DTBx)<br><br>1. **Plaintiff Request To Vacate His Voluntary Request For Dismissal With Prejudice And Compel "ALL" Matters And Parties To Arbitration Per Contract.** |

I. **Nature Of This Case:**

Rule 60(b) of the Federal Rules of Civil Procedure, gives the courts discretion to set aside a voluntary dismissal with prejudice if the dismissal was not a "free, calculated, and deliberate" choice." *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001).[1]

The Rule also allows a court to revisit final judgments in the interests of justice for the reasons alleged here of fraudulent acts by KFHP for the improper purpose of keeping my claims in ADR No. 18871, court case 5:23-cv-00282-JWH-DTB, and case 5:23-cv-01506-JWH-DTB from being resolved by this court and/or arbitrated fairly in violation of my rights as a KFHP member and rights under Section 1983 of the U.S. Code, and the Fifth and Fourteenth Amendments to the U.S. Constitution.

Thus, I request this Court **(a)** reverse its decision of granting my "voluntary" request to dismiss case 5:23-cv-00282-JWH-DTB and case 5:23-cv-01506-JWH-DTB and **(b)** compel ALL named parties named as offenders and matters (including those

---

[1] See Black's Law Dictionary 833 (7th Ed. 1999) (defining "involuntary" as "not resulting from a free and unrestrained choice; not subject to control by the will.").

claims filed in ADR No. 18871) to arbitration. As my seeking dismissal in the alternative "with prejudice" was done so in reliance on the defendants propagating false information, material concealment and/or misrepresentation of facts during the meet and confer conference that "misled" me to take actions of dismissal that I would not have otherwise had had their fraudulent acts not been committed, and therefore the Court's ruling is invalid under Rule 41(a)(1)(i) and "Rule 60(b) of the Federal Rules of Civil Procedure.

## II.  Background

**May 2024**: I received A formal copy of my (James Hightower) explanation of benefits from Kaiser Permanente's National Claims Administration Southern California Kaiser Foundation Health Plan, which is attached as **EXHIBIT "A."**

**June 6, 2024**, on belief of and in reliance on the information stated in Kaiser's Explanation of Benefits for James C Hightower—titled "**Binding Arbitration**" — that reads as follows: *If you have **ANY** claim or dispute that is not governed by the Disputed Claims Process with the U.S. Office of Personnel Management (OPM), then **ALL** such claims and disputes of any nature between you and the Plan, shall be resolved by binding arbitration, subject to the Plan's Arbitration procedures.*[2] I moved and was granted my "voluntary" request to dismiss Federal Court case 5:23-cv-00282-JWH-DTB and case 5:23-cv-01506-JWH-DTB in the alternative "with prejudice" and filed new claims in ADR No. 18871.

**8/9/2024,** I discovered KFHP had no intent to honor and/or enforce their "binding arbitration agreement," as I am advised by counsel Kershaw that I cannot assert any (be it new or old) claims against KFHP's contracted independent administrator, Ms. Marcella Bell, in ADR No. 18871 because this Court's order in

---

[2] The U.S. Office of Personnel Management (OPM) serves as the chief human resources agency and personnel policy manager for the Federal Government.

5:23-cv-00282-JWH-DTB and Case 5:23-cv-01506-JWH-DTB prevented me from doing so.

**12/19/2024**: Moreover, as noted in more detail below. In direct contrast to the KFHP binding arbitration agreement. On Thursday, December 19, 2024, at 11:10 AM, I am advised by Mr. Robert Reese, the assigned arbitrator in ADR No. 1887, that NO party can be mandated to take part in arbitration if they are not a "signatory" to KFHP's ADR agreement.

Thus, it is my belief that the events and revelations noted (after the fact) here warrant dismissal pursuant to Rule 60(b) as it was NEVER my intent to waive my rights under KFHP's mandatory arbitration policy, California Arbitration Act (CAA, Code Civ. Proc., § 1280 et seq.), the Federal Arbitration Act ("FAA"), and my constitutional rights under Section 1983 of the U.S. Code and the Fifth and Fourteenth Amendments to the U.S. Constitution.

And, I would NOT have dismissed court 5:23-cv-00282-JWH-DTB and Case 5:23-cv-01506-JWH-DTB (with prejudice) had the true facts and the defendant's intent been disclosed to me during the meet and confer meeting.

**III.  Argument to Vacate Dismissal With Prejudice and Compel "ALL" Matters and "Parties" to Arbitration Per KFHP's ADR Agreement Under Rule 60(b).**

**First** I could find no rule, law, and/or KP policy that affords KFHP the authority to make a unilateral decision to refuse to allow me to name a respondent and/or prevent me from asserting claims against a respondent absent a ruling by the court and/or in arbitration.

**Second** Good cause leads me to allege that KFHP meeting and conferring in "bad faith" caused me to dismiss my claims involuntarily. In that, as noted on June 5 and 6, 2024, I met with counsel for both KFHP and Ms. Bell dba the OIA via a preliminary telephone conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and at all times relevant:

- ALL parties acknowledged, asserted no argument to dispute, and/or made known their intent to NOT honor Kaiser's Explanation of Benefits — subsection titled "**Binding Arbitration**" mandating <u>***ANY***</u> *claim or dispute not governed by the Disputed Claims Process with OPM, must be resolved by binding arbitration.*

- ALL parties acknowledged, asserted no argument to dispute, and/or made known their intent to NOT honor Kaisers Evidence of Coverage-section titled "Binding Arbitration" — that reads as follows: *The following description of binding arbitration applies to any employee, agent, individual or organization whose contract with any of the organizations of Kaiser Permanente requires arbitration of claims brought by one or more member Parties* (fn. Omitted)

- ALL parties acknowledged, asserted no argument to dispute, and/or made known their intent to NOT honor Kaisers Evidence of Coverage-sub-section titled "Scope of arbitration" — that reads as follows: *ANY dispute that arises from or is related to an alleged violation of any duty incident to or arising out of or relating to this Evidence of Coverage or a Member Party's relationship to [Kaiser] irrespective of legal theory, must be decided by binding arbitration under California law and not by lawsuit or resort to court process.*

- ALL parties acknowledged, asserted no argument to dispute, and/or made known their intent to NOT honor KFHP's Evidence of Coverage (EOC) stating that one need only *have a **<u>contract</u>** with any of the organizations of Kaiser Permanente to be mandated to resolve dispute via arbitration…*

- ALL parties acknowledged KFHP's binding ADR agreement, asserted no argument to dispute it, and/or made known their intent to NOT honor KFHP's ADR agreement on the grounds that NO party can be mandated to take part in arbitration if they are not a "signatory" to KFHP's ADR agreement.

- Moreover, ALL parties acknowledged, asserted no argument to dispute, and/or made known their intent to dispute the fact that KFHP has a "contract" with Ms. Bell to act as the "independent administrator" over KFHP's mandatory arbitration program.
- The ONLY disagreement made know to me during the conference (by any party) was that I had taken legal action against Ms. Bell DBA and that Ms. Bell dba has no affiliation with the KFHP mandatory ADR program.
- In which I advised that my intent was NOT to file new and/or the same claims against Ms. Bell's dba, but to resolve the disputes against the "independent administrator" who KFHP's AOB (actually) contracted with to oversee the matters of the KFHP ADR program.
- However, after the court's decision and my attempt to assert claims against Ms. Bell in her capacity, not as dba but as the individual "contracted" with KFHP as its independent administrator. I am denied my right to do so.

**Third** If not, an act of meeting and conferring in bad faith. There is no genuine dispute of the material fact that KFHP's false and misleading explanations of *Marcella Bell's contract with the Kaiser Foundation Health Plan Arbitration Oversight Board to independently administer the mandatory arbitration process between Kaiser Permanente and its members* created coercive conditions that negated my ability to make a free choice in the matter. In that,

- as noted in a separate document titled Kaiser *Arbitration Oversight Board Comments on the Annual Report and the disclosures about OIA Relationships with Parties, Lawyers, and Neutral Arbitrators* on the OIA's website specifically reads: *Marcella Bell has a contract with the Kaiser Foundation Health Plan Arbitration Oversight Board to independently administer the mandatory arbitration process between Kaiser Permanente and its members.* (See https://oia-kaiserarb.com/2072/consumer-case-information/oia-

*disclosures/disclosures-about-oia-relationships-with-parties-lawyers-and-neutral-arbitrators)*

- This fact is also affirmed in Annual Report Of The Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. Mandatory Arbitration System for Disputes With Health Plan Members January 1, 2023 - December 31, 2023 - section titled  Introduction & Overview" — that reads as follows: Marcella A. Bell, an attorney, is the Independent Administrator. Under her contract with the Arbitration Oversight Board.[3]

Thus, my claims against Ms. Bell as independent administrator are NOT an exception to the rule and/or not barred from arbitration, as the "claims" alleged are in relation to a party "contracted" by KFHP taking actions to my deny my rights, privileges, and coverage as a KFHP member.

Moreover, as a result of the above. There is no genuine dispute of material fact that my seeking dismissal in the alternative "with prejudice" was done so under the duress caused by the behavior of the defendants and/or their acts noted herewith that created coercive conditions that negated my ability to make a free choice in the matter.

IV. **Binding ADR Agreement Relied On Reverse The Court's Decision And Compel "ALL" Matters And Parties To Arbitration Per KFHP's ADR Agreement Under Rule 60(B) Motion**

Good cause leads me to allege that all matters, named parties in ADR No. 18871 and Federal court case 5:23-cv-00282-JWH-DTB and case 5:23-cv-01506-JWH-DTB should be mandated to KFHP ADR program. In that,

**First** KFHP's Explanation of Benefits for James C Hightower—titled "Binding Arbitration" — mandates: *If you have **ANY** claim or dispute that is not governed by the Disputed Claims Process with OPM, then **ALL** such claims and disputes of any*

---

[3] https://oia-kaiserarb.com/2072/consumer-case-information/oia-disclosures/disclosures-about-oia-relationships-with-parties-lawyers-and-neutral-arbitrators.

*nature between you and the Plan, shall be resolved by binding arbitration, subject to the Plan's Arbitration procedures (Fn. omitted.)*[4]

**Second** See also KFHP's evidence of Coverage-section titled "Binding Arbitration" that states *binding arbitration applies to any employee, agent, individual or organization whose contract with any of the organizations of Kaiser Permanente requires arbitration of claims brought by one or more member Parties* (fn. Omitted).

**Third** As well as Kaisers Evidence of Coverage-sub-section titled "Scope of arbitration" stating *ANY dispute that arises from or is related to an alleged violation of any duty incident to or arising out of or relating to this Evidence of Coverage or a Member Party's relationship to [Kaiser] irrespective of legal theory, must be decided by binding arbitration under California law and not by lawsuit or resort to court process.*

**Fourth** Additionally, to avoid being in violation of Health and Safety Code section 1363.1. Accepting the terms of arbitration by [KFHP] and [KPIC] is a "condition" of enrollment to ensure KFHP members were aware of it validity.[5]

**Fifth** And again, by law, a party seeking to compel arbitration meets their initial burden of establishing the existence of a valid arbitration agreement by attaching a copy to the motion or petition to compel arbitration. (See Exhibit "A")

## V. Applicable Laws Relied On To Vacate Dismissal With Prejudice And Compel "ALL" Matters And Parties To Arbitration Per KFHP's ADR Agreement Under Rule 60(B) Motion.

**First** In reliance on Ms. Bell (solely) appearing as Marcella A. Bell dba the Office of the Independent Administrator (the "OIA") pursuant to 28 U.S.C. § 133.[6] And my

---

[4] A party seeking to compel arbitration meets their initial burden of establishing the existence of a valid arbitration agreement by attaching a copy to the motion or petition to compel arbitration. (*Espejo v. Southern California Permanente Medical Group* (2016) 246 Cal.App.4th 1047, 1060 (*Espejo*).)

[5] Malek v. Blue Cross of California(2004) 121 Cal.App.4th 44, 50.

[6] See defendants opposition to Motion (the "Bell/OIA Opposition") [ECF No. 127] Page 2, ¶ 1 ("this case should be dismissed against Defendant MARCELLA A. BELL DBA THE OFFICE OF THE INDEPENDENT ADMINISTRATOR (the "OIA") with prejudice"

claims in ADR No. 18871 against the "independent administrator" contacted by KFHP's AOB. I have the right to have my claims against KFHP's independent administrator decided by the arbitrator in KFHP's mandatory ADR program, as Ms. Bell steadfastly denied the fact that she was the "administrator" contracted by KFHP to oversee ADR.

**Second** In reliance on my claims filed in ADR NOT being a request and/or a form of relief to resolve the matters in the court actions I "voluntary" dismissed with prejudice (id). Pursuant to KFHP healthcare contract. The NEW claims I asserted against ALL named respondents must be decided by the arbitrator in KFHP's mandatory ADR program and not the court.[7]

**Third** In reliance on the fact that the matters of KFHP's mandatory ADR agreement was NEVER addressed by the court and the court NEVER made an order/ruling stating that KFHP's mandatory ADR agreement was not a valid object dictating the matters of arbitration for KFHP members.[8] I have the right to have my claims asserted in my complaint and FAAD decided by the arbitrator in KFHP's mandatory ADR program.

**Fourth** In reliance on the claims, I asserted in the demand for arbitration and First Amended Demand for Arbitration (FAAD) being not yet ripe for litigation when the court granted my (voluntary) request for dismissal with prejudice on 7/8/2024, because I did not discover the respondents acts of healthcare fraud in ADR No. 17662 until "**AFTER**" federal Court case 5:23-cv-00282-JWH-DTB, or Case 5:23-cv-01506-JWH-DTB were dismissed with prejudice.[9] I have the right to have my claims

---

[7] Courts have jurisdiction over matters in arbitration, but the U.S. Supreme Court has adopted a restrictive view of federal jurisdiction to review an arbitrator's award under the Federal Arbitration Act.

[8] On January 8, 2019, the U.S. Supreme Court in *Henry Schein, Inc. v. Archer and White Sales, Inc.,* 586 U.S. ___ (2019) (Slip Op.), unanimously held that a federal court cannot decide whether a contract's arbitration clause applies to a dispute if the contract gives that authority to an arbitrator – even when the argument for arbitration is "wholly groundless."

[9] As this Court has held, unripe claims cannot later serve as a basis for res judicata. Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 529–30 (6th Cir. 2006).

asserted in my complaint and FAAD decided by the arbitrator in KFHP's mandatory ADR program.

**Fifth** My assertion of the NEW facts should result in vacatur of my voluntarily dismissal with prejudice as there is NO procedure in this instance that I could have relied on to amend the pleading in court, as my discovery and assertion of NEW claim arose out of KFH's MSJ submitted to the arbitrator. Thus, outside of the court's jurisdiction.

**Sixth** Moreover, as I understand the law. I have a right to seek damages where new events cause further harm and/or denied rights. In that, as the Supreme Court explained more than 50 years ago in Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955), res judicata does not bar a suit, even if it involves the same course of wrongful conduct as alleged earlier, so long as the suit alleges new facts or a worsening of the earlier conditions

**Seventh** It is an indisputable violation of my rights under KFHP's mandatory arbitration agreement, the California Arbitration Act (CAA, Code Civ. Proc., § 1280 et seq.), the Federal Arbitration Act ("FAA"), and my constitutional rights under Section 1983 of the U.S. Code and the Fifth and Fourteenth Amendments to the U.S. Constitution to "unilaterally" dismiss and/or prevent me from naming a party contracted by KFHP as a respondent in my demand for arbitration without due process of the law.[10]

**Eighth** Furthermore, California has a strong public policy in favor of arbitration and any doubts regarding the arbitrability of a dispute are resolved in favor of arbitration. (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 686.). This strong policy has resulted in the general rule that arbitration should be

---

[10] See also California Code, CONS SEC. 7. - California Legislative Information(a) A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws...

upheld unless it can be said with assurance that an arbitration clause is not susceptible to an interpretation covering the asserted dispute. (*Ibid.* [internal quotations omitted].)

<u>Ninth</u> This rule is also in accordance with the liberal federal policy favoring arbitration agreements under the Federal Arbitration Act (FAA"), which governs all agreements to arbitrate in contracts involving interstate commerce. (9 U.S.C. § 2, *et seq.*; *Higgins v. Superior Court* (2006) 140 Cal.App.4th 1238, 1247.)

VI. **<u>Good Cause Leads Me To Allege That The Court's Decision Should Be Reversed, As I Exhausted Every Possible Remedy In Efforts To Resolve This Dispute In Arbitration And Not File This Matter In Court.</u>**

Perplexed by KFHP's independent administrator believing that they had the authority to breach KFHP ADR agreement and/or dictate who I could and could not name as a respondent in arbitration absent a ruling by the arbitrator.

<u>First</u> Via email. On or about **8/9/2024**: I requested the defendants et al. explain how and/or why my "binding arbitration agreement" with KFHP ONLY applies to **(a)** the executives, employees, and their assigns of SCPMG (Southern California Permanente Group), a "third party" contracted with KFHP to provide health care to KFHP members, and/or **(b)** the executives, employees, and their assigns of KFH (Kaiser Foundation Hospital), a "third party" contacted with KFHP to operate its healthcare facilities and hospitals but does NOT apply to **(c)** KFHP's "independent administrator," a "third party" contacted with KFHP AOB to oversee the matters of KFHP's arbitration program. However, as the date of this filing, I have yet to receive a response.

<u>Second</u> On **Aug 6, 2024**, at 01:03:20 PM (Case ID: 75363223) I contacted KFHP's Grievance Dept. and requested that they "reaffirm" my rights as a KFHP member to pursue arbitration against the entities "contracted" by KFHP to provide services for KFHP members, and/or resolve my misunderstanding of the agreement. However, as the date of this filing, I have yet to receive a response.

**Third** On **Aug 9, 2024**, at 04:41:15 AM (Case ID: 75411127); I (again) contacted KFHP's Grievance Dept. and requested that they "reaffirm" my rights as a KFHP member to pursue arbitration against the entities "contracted" by KFHP to provide services for KFHP members, and/or resolve my misunderstanding of the agreement. However, as the date of this filing, I have yet to receive a response.

**Fourth** On **Oct 15, 2024**, at 09:04:13 AM (Case ID: 76491093). Having no response to the aforementioned complaints. I once again, contacted KFHP's Grievance Dept. and requested that they "reaffirm" my rights as a KFHP member to pursue arbitration against the entities "contracted" by KFHP to provide services for KFHP members, and/or resolve my misunderstanding of the agreement. However, as the date of this filing, I have yet to receive a response.

**Fifth** **On Sept 4, 2024,** after receiving no response to my complaint No. 75363223 and 75363223. I called KFHP member services for an update, and while I was able to reaffirm my concerns. However, as the date of this filing, I have yet to receive a response, and/or receive a call back.

**Sixth** On Tue **11/19/2024** 8:27 PM via email, Mon **11/25/2024**, 9:00 AM via email, In hopes that this had all been a misunderstanding. I contacted the executives of KFHP and the various attorneys requesting the attorneys identify who is representing who, and I received no response.

**Seventh** On or about Wed **11/27/2024** 12:56 PM: I attempted to resolve this matter via the neutral arbitrator selected to arbitrate the matters of Arb. #18871 (Mr. Robert Rees) of KFHP's independent administrator. However, despite receiving a bill from Mr. Reese for 1,850.00 (One thousand Eight Hundred fifty Dollars and no cents). Mr. Reese stated he has no authority to force "non-signatories" to KFHP's ADR agreement to arbitration. Thus, I (reluctantly) dismissed ADR case 18871 "without prejudice" to resolve the dispute via the court.

**Eighth** Moreover, on **Nov 25, 2024**, at 08:54:51 AM (Case ID: 76994981): To ensure that I exhausted every avenue to avoid filing this matter with the court. I submitted one last "warning" to KFHP's Grievance Dept. of my intent to file a new claim in court seeking clarity of the court's order if they did not respond to the aforementioned emails and my "official" grievances, and hereto, as of the date of this filing, I have yet to receive a formal response.

## VII.   Request For Damages

### First Claim For Relief:

- By this reference, I James Hightower, the PLAINTIFF hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

- I HEREBY accuse the executives, employees of KFHP, and the independent administrator assigned (contracted) with KFHP to conduct ADR for KFHP members (collectively the defendants) of knowingly, intentionally, and maliciously engaging in acts of unethical business practices (healthcare fraud) with intent to violate my rights as a KFHP member, constitutional rights under Section 1983 of the U.S. Code, and the Fifth and Fourteenth Amendments to the U.S. Constitution to keep my claims from being arbitrated.

- The defendants were acting or purporting to act in the performance of their official duties.

- The defendants knew their actions were in violation of my rights under KFHP's policy, KFHP's mandatory arbitration policy, California Arbitration Act (CAA, Code Civ. Proc., § 1280 et seq.), the Federal Arbitration Act ("FAA"), and my constitutional rights under Section 1983 of the U.S. Code and the Fifth and Fourteenth Amendments to the U.S. Constitution....and intentionally violated said rules and laws for the improper purpose of preventing my claims from being arbitrated. (healthcare fraud)

- The defendants knew their representation were false, misleading and intentionally provided the false and misleading information to the court, the arbitrator and I for the improper purpose of preventing my claims from being arbitrated.
- The defendants misrepresentation, abuse of their authority, and dereliction of their duties were material to my dismissing the case with prejudice in court, staying the new claims filed in ADR, and refiling the matters back in court seeking resolution.
- The defendants committed their actions with malicious intent and made their misrepresentations with malice (knowledge that the statement was false or reckless disregard for its veracity).
- Their representations was made with the intention that I rely on it and dismiss my case in federal court and/or to prevent my claims from being arbitrated.
- I actually relied on the misrepresentation of the defendants and would not have otherwise had I known the truth and/or the aforementioned events not occurred.
- The defendants conduct violated my right to bring suits for the "deprivation of my rights, privileges, and/or immunities secured by KFHP's healthcare contract, the Constitution and federal and state laws.
- The defendant's conduct meets the essential elements of healthcare fraud with intent to cover up their fraudulent business practices by preventing the claims from being arbitrated and/or appealing the arbitrator's decision before the court.
- As a result, not only was I harmed by the defendant's acts that denied my rights as a KFHP member, but I was also harmed as the defendant's actions violated my rights under Section 1983 of the U.S. Code and my constitutional rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

**Prayer for Relief**

- If not a ruling of "default judgment" by the court against KFHP et al. due to their intentional failure to defend against the claim I asserted against them in arbitration No. 18871, court case 5:23-cv-00282-JWH-DTB and case 5:23-cv-01506-JWH-DTB.

- In reliance on Fed.R.Civ.P. 60(b)(4) and Fed.R.Civ.P. 60(b)(6). I request a reversal of the court's decision dismissing Federal Court case 5:23-cv-00282-JWH-DTB and case 5:23-cv-01506-JWH-DTB with prejudice and granting my request to dismiss the matters "**without prejudice**," as my seeking dismissal in the alternative "**with prejudice**" was done so under the duress caused by the behavior of the defendants acts noted herewith that created coercive conditions that negated my ability to act on my own free will.

- In reliance on KFHP's arbitration agreement, California Arbitration Act (CAA, Code Civ. Proc., § 1280 et seq.), and the Federal Arbitration Act ("FAA"). I request **this Court enter an order "compelling the parties to arbitration**" to resolve the underlying complaints in Federal Court case 5:23-cv-00282-JWH-DTB and case 5:23-cv-01506-JWH-DTB and my FAAD filed in ADR No. 18871, as KFHP's Binding Arbitration agreement specifically states: *If you have **ANY** claim or dispute that is not governed by the Disputed Claims Process with OPM, then **ALL** such claims and disputes of any nature between you and the Plan shall be resolved by binding arbitration, subject to the Plan's Arbitration procedures (Fn. omitted.).*

January 6, 2025

*James Hightower*
James Hightower (pro per Plaintiff)
29142 Hidden Meadow Dr.
Menifee, CA 92584

# EXHIBIT "A"

## Kaiser Foundation Health Plan, Inc Explanation Of Benefits For James C Hightower

**KAISER PERMANENTE®**
NATIONAL CLAIMS ADMINISTRATION
SOUTHERN CALIFORNIA
KAISER FOUNDATION HEALTH PLAN, INC
PO Box 629028
El Dorado Hills, CA 95762-9028

James C Hightower
29142 HIDDEN MEADOW DR
MENIFEE, CA 92584-7021

## This is not a bill

**If you owe anything, you'll get a bill.**
This Explanation of Benefits is a summary of services you've received. It shows the charges, the date of your visit, and the name of the provider you visited. Use it to:

• **Keep track of your expenses** and make sure everything is accurate. ***

• **Check your progress** – have you reached your deductible or out-of-pocket maximum? ***

• To reduce clutter and get your next EOB online, sign up at **kp.org/choosepaperless.**

### Call us if you have questions
Weekdays 8:00 am – 5:00 pm (Pacific Time)
1-800-390-3510 or TTY: 711
kp.org

## Track your care 

| | |
|---|---|
| Medical record number: ███████9 | Group identification: ████ |
| Plan type: HMO - HMO COMMERCIAL-HMO | Account Holder Name and Identification: ████ |
| Plan year: 01/01/2024 through 12/31/2024 | Membership Relationship to Subscriber: Spouse |

### Explanation of Benefits for James C Hightower

Here's a snapshot of your share of the charges for the services you've received.

**November 12, 2024**

**$0.00**   Your share

<u>Binding Arbitration</u>

Except for Small Claims Court cases and disputes governed by the Disputed Claims Process with OPM described in Section 8 of your FEHBP Brochure, any dispute between members, their heirs, or associated parties (on the one hand) and Plan, its health care providers, or other associated parties (on the other hand) for alleged violation of any duty arising out of or related to your Plan membership, must be decided by binding arbitration under California law and not by lawsuit or resort to court process, except as applicable law provides for judicial review of arbitration proceedings. This includes, for example, claims for medical or hospital malpractice or for premises liability, irrespective of legal theory. Both sides give up all rights to a jury or court trial, and both sides are responsible for certain costs associated with binding arbitration. For information that describes the arbitration process, contact our **Member Service Call Center at 1-800-464-4000** for copies of our requirements. These will explain how you can begin the binding arbitration process.

Should you have any questions regarding this notice, please contact **Member Services** at **1-800-464-4000** or (TTY) **711**.